CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 11-1252 

DIVISION

ROSE LACEY AND EDDIE LACEY, JR.

VERSUS

SECTION 10

QBE SPECIALTY INSURANCE COMPANY

FILED: _____    _____
                                    DEPUTY CLERK

## PETITION FOR DAMAGES

Plaintiffs, ROSE LACEY AND EDDIE LACEY, JR., persons of the full age of majority and residents of Orleans Parish, State of Louisiana, respectfully aver as follows:

I.

Made defendant herein is QBE SPECIALTY INSURANCE COMPANY (hereinafter "QBE Insurance"), a foreign insurance company with its domicile in North Dakota.

II.

Venue in this Court is proper pursuant to Louisiana Code of Civil Procedure article 76 because the loss at issue occurred in Orleans Parish and the insureds, ROSE LACEY AND EDDIE LACEY, JR., are domiciled in Orleans Parish. Venue also is proper in this Court pursuant to article 74 because the wrongful conduct occurred and the damages were sustained in Orleans Parish.

III.

Defendant is liable to plaintiffs for the full amount of damages suffered by plaintiffs, together with legal interest from the date of judicial demand until paid.

IV.

Plaintiffs are the owners of a property located at 12631 N. Lake Carmel Drive, New Orleans, Louisiana, which sustained significant damage due to wind and rain that caused water intrusion from leaking skylights and/or a leaking roof on or about April 1, 2010.

V.

At the time of the loss, plaintiffs' property was insured by a homeowner's policy issued by QBE Insurance bearing policy number LRE770031653 and with effective dates of February 16, 2010 through February 16, 2011. This policy provides coverage for damage to the dwelling in the amount of $223,600.00.

VI.

Shortly after the loss, plaintiffs made a claim under their insurance policy to QBE Insurance. Plaintiffs also provided defendant with written reports and repair estimates for the damage to the property.

VII.

Several months after plaintiffs submitted their claim, defendant sent its own representative to inspect the property. On or about November 18, 2010, QBE Insurance denied coverage for plaintiffs' claim without providing a report of any kind. The reasons given for denying coverage for plaintiffs' claim are unsupported by the terms of the insurance policy and the facts.

VIII.

QBC Insurance denied coverage based on policy exclusions for seepage from plumbing and appliances and for smog, rusts or other corrosion, molds and wet or dry rot. These exclusions clearly do not apply to the damage sustained to plaintiffs' property from wind and rain and denial of plaintiffs' claims on these grounds was arbitrary and in bad faith.

IX.

Plaintiffs obtained repair estimates from contractors to repair the wind and rain damage that exceeded $170,000.00. To date, plaintiffs have not received any funds from defendant to repair their home.

X.

Even though plaintiffs have cooperated with QBE Insurance adjusters and have provided detailed proofs of loss and documentation of all damages, QBE Insurance has failed to promptly and fairly adjust their claims, pay for damages due under the contract, or provide reasonable explanations for its actions.

XI.

By failing to promptly and fairly adjust plaintiffs' claims, QBE Insurance breached the contract of insurance with plaintiffs, as well as its duty to fairly and adequately adjust their claims. Plaintiffs are entitled to full and fair compensation for the damage to their home due to wind and rain pursuant to their policy of insurance.

XII.

Further, QBE Insurance acted in bad faith and arbitrarily by failing to take action on plaintiffs' claim for several months despite having been provided with repair estimates and damage reports.

XIII.

In the alternative, QBE Insurance has acted negligently in the handling of plaintiffs' claim by failing to follow proper procedures in reaching a policy coverage decision and failing to promptly adjust the claim.

XIV.

Louisiana Revised Statute 22:1973(A) imposes on an insurer a duty to its insured of good faith and fair dealing, including an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. If the insurer breaches its duty, an insured may recover damages and penalties. Similarly, Louisiana Revised Statute 22:1892 provides for penalties and attorney's fees when an insurer acts in bad faith and/or fails to settle a claim timely. The manner in which defendant has handled plaintiffs' claim violates the duties imposed by these statutes and entitles plaintiffs to penalties, damages and attorney's fees under Louisiana Revised Statutes 22:1973 and 22:1892.

XV.

QBE Insurance also failed to honor its duties and obligations under Louisiana Revised Statutes 22:1973 and 22:1892, which require insurers to provide the insured person with a written offer under the policy, and to promptly pay the insurance proceeds within 30 or 60 days. QBE Insurance failed to meet these duties and obligations, and plaintiffs are entitled to penalties, damages, and attorney's fees.

XVI.

QBE Insurance intentionally refused to honor plaintiffs' claim and/or undervalued plaintiffs' claim in bad faith, arbitrarily and capriciously.

XVII.

Plaintiffs maintain that QBE Insurance further breached its duty to the plaintiffs for the following, non-exclusive acts:

1. Failing to properly train its adjusters;

2. Failing to provide its adjusters with proper materials to properly evaluate claims;

3. Failing to take into account the economic situation faced by plaintiffs due its delay and refusal to honor the insurance contract;

4. Instructing its adjusters to undervalue plaintiffs' damages;

5. Instructing its adjusters to delay the processing of plaintiffs' claim;

6. Instructing its adjusters to determine that there was no coverage for plaintiffs' claim; and

7. Any and all misconduct that becomes known before trial.

XVIII.

QBE Insurance's conduct is also in violation of La. Civil Code art. 1997.

XIX.

Because of its bad faith, QBE Insurance is liable to plaintiffs for all damages, foreseeable or not, that are a direct consequence of its failure to perform.

XX.

As a result of its misconduct, QBE Insurance is liable to plaintiffs for all damages occasioned by the breach, including, but not limited to, specific and general damages (*i.e.*, for mental anguish and/or inconvenience), attorney's fees and penalties.

XXI.

As a result of the foregoing breaches of contract and duty and other acts of negligence and fault of the defendant, plaintiffs have experienced actual damages, including:

1. Past and future expenses for the repairs to their home caused by wind and rain damage for which they have not been compensated under their insurance policy;

4

2. Damages to their property caused by normal weather patterns, but which are the result of not receiving insurance proceeds owed by the insurer that were necessary to repair the property to protect it from further damage;

3. The expense of hiring an independent adjuster to inspect the house;

4. Delays in the renovation and repair of the house due to no insurance funds; and

5. Delays in their ability to return to the house to live.

XXII.

Plaintiffs are entitled to the full amount of their damages caused by a covered loss owed under the policy of homeowner's insurance, as well as additional damages caused by the delay in properly adjusting the claim and penalties, damages and attorney's fees under Louisiana Revised Statutes 22:1973 and 22:1892.

WHEREFORE, plaintiffs, ROSE LACEY AND EDDIE LACEY, JR., pray that after due proceedings are had, there be judgment in their favor and against the defendant, for all damages that are reasonable in the premises, including penalties and attorney's fees under Louisiana Revised Statutes 22:1973 and 22:1892, costs, and interest at the rate permitted by law from the date of judicial demand until paid. Plaintiffs further pray for all other relief to which they may be entitled in law or equity.

Respectfully submitted:

*Eric R Nowak*

Eric R. Nowak (#27025)
Shirin E. Harrell (#27495)
HARRELL & NOWAK, LLC
650 Poydras Street, Suite 2107
New Orleans, Louisiana 70130-6198
Telephone: (504) 522-7885
Facsimile: (504) 528-3131
**Attorneys for Plaintiffs**

**PLEASE SERVE:**

QBE SPECIALTY INSURANCE COMPANY
Through the Louisiana Secretary of State:
8585 Archives Avenue
Baton Rouge, LA 70809